Hon. Ricardo S. Martinez

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>ELDER ROBERTS, JR.,<br><br>            Defendant. | CASE NO.  2:20-cv-00077-RSM<br><br>Order Granting Default Judgment and Decree of Foreclosure |

This matter came before the Court on the United States' Rule 55(b) Motion for Default Judgment against Defendant Elder Roberts, Jr. (Mr. Roberts).  The Court has reviewed the files and records herein, including the United States' Motion, and concludes that the United States has established its foreclosure claim and entitlement to the relief described below.

Accordingly, the United States' Rule 55(b) Motion for Default Judgment is GRANTED.  The Court AWARDS the following relief to the United States:

1. Judgment *in rem* against the property described below in the amount owing to the United States under the Promissory Note (Note) [ECF no. 1-1] and

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Deed of Trust [ECF no. 1-2], which is $240,133.08 through July 30, 2022, plus $23.79 interest per day thereafter through the date of judgment (the Judgment).

2. The Deed of Trust covers the real property (the Property) commonly known as 2915 Martin Road, Bellingham, Washington 98226, and is legally described as:

> That portion of Lot 10 described as the east 132 feet of the west 396 feet of the northwest quarter of the northwest quarter or the northwest quarter of Section 20, Township 39 North, Range 4 East, Willamette Meridian, Whatcom County, Washington, containing 2.00 acres, more or less, together with an easement for ingress and egress, and utilities over, under, and across the north 30 feet of the west 264 feet of the northwest quarter of the northwest quarter of the northwest quarter of Section 20, as set forth in deed on file in this office [Bureau of Indian Affairs Land Titles and Records Office] under document number 111-109.

The Property is further identified as Tract no. 111-3904-Q by the Bureau of Indian Affairs. Complaint ¶¶ 4-5, Exh. C thereto [ECF 1-3] (BIA Title Status Report).

3. The Deed of Trust [ECF No. 1-2] is a first and prior lien on the Property and is hereby foreclosed. The Property is hereby ORDERED to be sold pursuant to the provisions of 28 U.S.C. § 2001 et seq., with the proceeds of the sale applied first to the costs and expenses of making the sale and second, to the payment of the *in rem* Judgment owing to the United States, and any excess thereafter disbursed to Mr. Roberts as his interests may appear.

4. The United States' recovery shall be limited to the proceeds of the sale of the Property.

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. Mr. Roberts's interest in the Property is inferior to the United States' interest.

6. Mr. Roberts, and all persons claiming by, through, or under him, are forever barred and foreclosed from asserting any right, title, or interest in or to the Property, except to the extent that Mr. Roberts has the right of redemption.

7. The sale shall be conducted in accordance with the law and practice of this Court.

8. The United States Marshal for the Western District of Washington or his/her representative will be authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States Marshal or his/her representative will be authorized free access to the Real Property and to take all actions necessary to preserve the Real Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property, until the deed to the Real Property is delivered to the purchaser at the foreclosure sale.

9. The United States or any party to the suit may become a purchaser at the sale and the United States Marshal shall execute a Marshal's Certificate of Purchase to the Property in favor of the purchaser, and the purchaser will be let into possession of the premises upon production of the Marshal's Certificate of Purchase. In the event the United States, including its agency, the Department of Housing and Urban Development (HUD), is a successful bidder on the Property, it

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

shall have the right to apply its Judgment credits in lieu of cash thereon, and the United States Marshal is authorized to accept such an arrangement.

10. After the 30-day automatic stay of proceedings to enforce a judgment, the United States may present a motion for order of sale. *See* Fed. R. Civ. P. 62(a).

11. That the terms of the Order of Sale shall be as follows:

   a. The sale of the Property shall be free and clear of the interest of Mr. Roberts, except to the extent that he has a right of redemption under Washington Revised Code chapter 6.23 or excess funds under Washington Revised Code chapter 6.21. The redemption period shall be 12 months.

   b. The sale shall be subject to 12 U.S.C. § 1715z-13a(h)(2), which allows sale of the Property only to "an eligible tribal member, the [Nooksack] [T]ribe, or the [Nooksack Housing Authority]." The sale shall also be subject to building lines, if established; all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property; and easements and restrictions of record, if any.

   c. The sale shall be held at the courthouse of the county in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002 and shall be announced in the Notice of Sale.

   d. The date and time for the sale shall be announced by the United States Marshal, or his/her representative, in the Notice of Sale.

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e. The Notice of Sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Whatcom County, and, at the discretion of the Marshal or his/her representative, by any other notice deemed appropriate. The notice shall contain a description of the Property; the time, date, and location of the sale as determined by the United States Marshal or his/her representative; the minimum bid as determined by the United States; and the terms and conditions of sale listed in subparagraphs (g)-(l) below.

f. The minimum bid for the Property shall be set by the United States. If the minimum bid is not met or exceeded, the Marshal or his/her representative, with concurrence of the United States, may without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid as set by the United States, or sell to the highest bidder.

g. The sale of the Property shall be subject to confirmation by this Court. The Marshal shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty (30) days from the date of receipt of the balance of the purchase price.

h. On confirmation of the sale, the Marshal shall execute and deliver a deed of judicial sale conveying the Property to the purchaser.

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      i. On confirmation of the sale, all interests in, liens against, or claims to, the Property and appurtenances that are held or asserted by all parties to this action are discharged and extinguished, except to the extent that Mr. Roberts has a right of redemption under Washington Revised Code chapter 6.23.

      j. On confirmation of the sale, the recorder of deeds, the Bureau of Indian Affairs (BIA), U.S. Department of the Interior, shall cause transfer of the Property and appurtenances to be reflected upon the BIA's register of title.

      k. Any party to this suit may become a purchaser at such sale. The United States may bid as a credit against its Judgment without tender of cash.

      l. The sale shall be "as is" without warranty of any kind.

12. Until the Property is sold, Mr. Roberts shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitations, maintaining a fire and casualty insurance policy.  He shall neither commit waste against the Property nor cause nor permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the Property nor cause nor permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor cause or permit anyone else to do so.

13. All persons occupying the Property shall leave and vacate the Property permanently within thirty (30) days of the date of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person from the premises. Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Mr. Roberts, or any other occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal (or his/her designee) is authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the United States, or more specifically to HUD, or its designee. No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal, HUD, or the United States Department of Justice, or their respective representatives and/or designees.

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

14. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

15. The proceeds from the sale shall be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

    a. To the United States for the costs of the sale, including the costs and commissions of the United States Marshal and any professional auctioneer if retained and the costs of preserving, advertising, selling, and conveying the property incurred by the Government.

    b. To the United States to be applied to the Judgment plus all interest and costs due and owing thereon.

//
//
//

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

DATED this 15th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ Kyle A. Forsyth*
Kyle A. Forsyth, WSBA # 34609
Assistant United States Attorney

Order Granting Default Judgment
and Decree of Foreclosure
Case No. 2:20-cv-00077-RSM - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970